Dear Mr. Caillier:
This office is in receipt of your opinion request in which you present the following two questions:
 1. Is the common area in a fraternity house located on private property a private residence within the definition of the law?
 2. Is a fraternity house corporation a bona fide non-profit corporation under 501 (c) for purposes of the law?
Act 639 of the 1995 Legislative Session promulgated La. R.S.14:93.10 through 93.14, thereby amending the alcoholic beverage law. La. R.S. 14:93.11 and 14:93.12 prohibits the sale, purchase or public possession of alcoholic beverages to anyone under the age of twenty-one. Your questions concern exceptions two and five of the definition of "public possession." La. R.S. 14:93.10 reads in pertinent part:
§ 93.10 Definitions
 For purposes of R.S. 14:93.10 through 93.14, the following definitions shall apply:
 (2) "Public possession" means the possession of any alcoholic beverages for any reason, including consumption, on any street or highway or in any public place or any place open to the public, including a club which is defacto open to the public. "Public possession" does not include the following:
* * * * *
 (ii) At a function sponsored by a bona fide nonprofit organization under 26 U.S.C. § 501 (c) where an individual had received or purchased a ticket for admittance.
* * * * *
(v) In private residences.
Your request appears to stem from arguments posed by various university affiliated fraternities. These organizations seem to claim that they fit within the above cited exceptions and, therefore, the universities should sanction any fraternity activities at which they serve alcohol to persons who are between the ages of eighteen and twenty-one. Concerned by possible liability issues which may arise from the university authorizing these kinds of events, you want to know if, in fact, the fraternities legally fit within the two above noted exceptions.
Act 78 of the 1996 First Extraordinary Session of the Louisiana Legislature repealed section two of the public possession exceptions concerning a bona fide nonprofit organization, thus obviating the need for any further discussion of your second question.
In answering your first question, the only guidance as to what constitutes a "private residence" was provided in Manuel v. Stateof Louisiana, 95-2189 (La. 7/2/96), 677 So.2d 116. The Court stated that the exception for consumption in a private residence and the exception for consumption with a parent or legal custodian "share the common notion of family occasions. . ." The Court articulated that the underlying purpose behind La. R.S.14:93.10 through 93.14 was to limit the ready availability of alcohol to inexperienced drivers and drinkers between the ages of eighteen and twenty-one. The Court further stated "[t]he real danger at which the minimum drinking age law is aimed is the situation of under-aged persons' buying drinks at bar rooms and convenience stores before driving around in their vehicles." Id. at 127. Theoretically, if an under-age person consumes alcohol in his/her home or with their parents, they are not likely to drive on the highways and less danger is present. Thus, the governmental objective is achieved. The Court further stated that the "family setting is based on family controls versus societal controls on drinking and driving." Id.
According to the above reasoning, the "private residence" exception incorporates the notion of a "family occasion." The Louisiana Civil Code defines a family as a father, mother, and children.[1] La. C.C. art. 3506. Obviously the fraternity members do not fit within this statutory definition. Not only are the fraternity members not a family, but not all fraternity members live in their respective fraternity houses. If the members are allowed to have parties which alcohol will be served to persons to under-age members undermines the primary objective of these statutes by encouraging drivers between the ages of eighteen and twenty-one to drive after drinking and thus, promoting societal control rather than family control.
In conclusion, the off-campus fraternities do not fall within the "private residence" exception because the members are not a family and to allow underage drinking in the fraternity houses would violate the reasoning behind La. R.S. 14:93.10. Accordingly, universities cannot sanction fraternity activities which allow underage drinking to occur.
Should you have any further questions, please contact this office.
Very truly yours
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ SHERRY L. TEW Assistant Attorney General
RPI:SLT:1g
[1] The Civil Code also list a second definition of family, not germane to this issue, which defines a family as all persons living under one authority. La. C.C. art. 3506.